**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50882**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: June 26, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| TIMMOTHY DREW MORGAN, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. James S. Cawthon, District Judge.

Judgment of conviction and reduced aggregate unified sentence of twenty years, with a minimum period of incarceration of five years, for two counts of aggravated assault with a firearm sentencing enhancement, <u>affirmed</u>; Order granting Idaho Criminal Rule 35 motion, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Timmothy Drew Morgan was found guilty of two counts of aggravated assault, Idaho Code §§ 18-901(a) or (b), 18-905(a), with a sentencing enhancement for use of a firearm during the commission of a crime, I.C. § 19-2520. The district court initially applied the sentencing enhancement to both counts and imposed a unified term of twenty years, with a minimum period of incarceration of twenty years on Count I and a unified term of twenty years, with twenty years indeterminate on Count II, to run consecutively to Count I, resulting in an aggregate term of forty years, with a minimum period of incarceration of twenty years. After determining the sentences

1

were illegal, the district court held a new sentencing hearing and re-sentenced Morgan to a unified term of five years, with a minimum period of incarceration of five years on Count I and a unified term of fifteen years, with a minimum period of incarceration of fifteen years on Count II, to run consecutively to Count I. The aggregate sentence was a unified term of twenty years, with a minimum period of incarceration of twenty years.

Thereafter, Morgan filed an Idaho Criminal Rule 35 motion, requesting the court reduce his sentences to consecutive terms of five years determinate for Count I and fifteen years indeterminate for Count II, which the district court granted, as to Count II, changing the fifteen-year period from the fixed portion of the sentence to an indeterminate period. Thus, Morgan's sentence was a unified term of incarceration of twenty years, with five years fixed instead of the twenty. "Mindful" that he received the modified sentences he requested, Morgan appeals, contending the district court erred by not granting further relief in light of new or additional information provided in support of his Rule 35 motion.

Although Morgan received the reduced sentences he asked for, Morgan asserts that the district court erred by not granting further relief. The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain of errors one has consented to or acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986).

Therefore, because Morgan received the sentences he requested, he may not complain that the district court abused its discretion. Accordingly, the district court's order granting Morgan's Rule 35 motion and Morgan's judgment of conviction are affirmed.